# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM C. MERRITT,

    Petitioner,

vs.

D. NEVEN, *et al.*,

    Respondents.

Case No. 2:13-cv-02347-JAD-PAL

**ORDER**

[8, 26]

    This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is respondents' motion to dismiss (Doc. 8) and petitioner's motion for a stay (doc. 26).

**I. Procedural History**

    On May 16, 2008, in the Eighth Judicial District for the State of Nevada, petitioner was charged by information with the following: first-degree kidnapping (count 1), three counts of sexual assault (counts 2 through 4), five counts of sexual assault with the use of a deadly weapon (counts 5 through 9), battery with intent to commit a crime (count 10), and possession of a firearm by an ex-felon (count 11). (Exhibit 14).[1] A jury trial was held from August 7, 2008, through August 20, 2008. (Exhibits 29-50). The jury found petitioner guilty of one count of second-degree kidnapping, one count of sexual assault, one count of battery, and one count of possession of a firearm by an ex-felon. (Exhibit 50). On December 18, 2008, the state district court entered a judgment of conviction reflecting that petitioner was adjudicated a habitual criminal and sentenced, *inter alia*, to two consecutive terms of life imprisonment with a possibility of parole after 120 months. (Exhibit 60). Petitioner appealed from the judgment of conviction. (Exhibit 61). In his opening brief filed May 26, 2009, petitioner challenged the trial court's decisions to: (1) deny this motion to suppress

---

[1] The exhibits referenced in this order are found in the court's record at Docs. 10-14.

physical evidence; (2) deny his motion for a new trial; (3) deny his proffered jury instructions; and (4) deny his motion to strike the habitual criminal enhancement. (Exhibit 74). On March 11, 2010, the Nevada Supreme Court affirmed the convictions. (Exhibit 77). Remittitur issued on April 7, 2010. (Exhibit 79).

On April 5, 2011, petitioner filed a *pro se* post-conviction habeas petition in the state district court. (Exhibit 83). On January 10, 2012, through his counsel, petitioner filed a supplemental post-conviction petition in the state district court. (Exhibit 86). By order filed June 7, 2012, the state district court denied the state habeas petition and supplemental petition. (Exhibit 94). Petitioner appealed from the denial of his state habeas petition. (Exhibit 96). In the opening brief, filed December 6, 2012, petitioner asserted that trial counsel was ineffective for failing to present exculpatory evidence in his possession during the jury trial. (Exhibit 111). Petitioner asserted that appellate counsel was ineffective on direct appeal for: (1) failing to challenge the sufficiency of the evidence as to the sexual assault conviction; and (2) failing to provide the Nevada Supreme Court with a sentencing transcript. (*Id.*). Petitioner challenged the state district court's decision to deny the petition without holding an evidentiary hearing. (*Id.*). By order filed September 18, 2013, the Nevada Supreme Court affirmed the denial of the state habeas petition. (Exhibit 119). Remittitur issued on October 15, 2013. (Exhibit 121).

Petitioner dispatched (gave to prison officials for mailing) his federal habeas petition on December 11, 2013. (Doc. 1; Doc 25, at Exhibit A). The petition contains three grounds for relief. (Doc. 1). Respondents filed the instant motion to dismiss the petition on July 8, 2014. (Doc. 8). Petitioner filed a motion for an extension in which to file a response to the pending motion to dismiss. (Doc. 15). On July 22, 2014, the Court granted petitioner an extension until August 31, 2014, to file his response to the motion to dismiss. (Doc. 16). On August 26, 2014, petitioner sought a second extension to his response deadline. (Doc. 17). On August 27, 2014, the court granted petitioner an additional 90-day extension, making his response due November 24, 2014. (Doc. 19). On November 26, 2014, petitioner filed a motion for a third extension. (Doc. 22). By order filed December 19, 2014, this court granted petitioner a final 45-day extension of time to in which to file a response to the motion to dismiss. (Doc. 23). On February 2, 2015, petitioner filed a

document entitled "answer to motion to dismiss petition for writ of habeas corpus," which the court construes as petitioner's opposition to the motion to dismiss. (Doc. 25). Also on February 2, 2015, petitioner filed a motion for a stay pending his appeal of an order denying the appointment of counsel. (Doc. 26). On February 12, 2015, respondents filed an opposition to petitioner's motion for a stay and a reply to petitioner's opposition to the motion to dismiss. (Docs. 30 & 32). The court now considers respondents' motion to dismiss and petitioner's motion for a stay.

## II. Discussion

### A. Petitioner's Motion for a Stay Pending Appeal

In the motion filed February 2, 2015, petitioner seeks a stay of this action pending his appeal of this court's denial of his motion for counsel and motion for reconsideration of the order denying counsel. (Doc. 26). A notice of appeal of a non-appealable order is a nullity and does not transfer jurisdiction to the Court of Appeals. *Estate of Connors v. O'Connor*, 6 F.3d 656, 659 (9th Cir. 1993). Petitioner's motion for a stay pending appeal is therefore denied.

### B. Respondents' Motion to Dismiss

#### 1. Untimeliness Argument Withdrawn

In the motion to dismiss, respondents argue that the petition is untimely by one week and that grounds of the petition are unexhausted. (Doc. 8). Although the face of the petition does not indicate when the petition was dispatched (given to prison officials for mailing), the petition was signed on December 11, 2013. (Doc. 1 at pp. 1 and 9). Petitioner's opposition and attached Exhibit A show that he dispatched his petition for mailing to this court on December 11, 2013. (Doc. 25 at Exhibit A). Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Therefore, this court deems petitioner's federal petition to be filed on December 11, 2013. In light of petitioner's opposition and proof that he dispatched his federal petition on December 11, 2013, respondents withdrew their argument that the petition is untimely in the reply. (Doc. 32, at p. 2).

#### 2. Exhaustion of Claims in the Federal Petition

Respondents continue to assert that Grounds 1 and 2 of the federal petition are unexhausted, and that Ground 3 is unexhausted in part. (Doc. 32 at p. 2; Doc. 8 at pp. 5-6). 28 U.S.C. §

2254(b)(1)(A) requires a habeas petitioner to first exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case, the Nevada Supreme Court. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). Fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See, e.g. Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To satisfy exhaustion, each of petitioner's claims must have been previously presented to the Nevada Supreme Court with references to a specific constitutional guarantee and as a statement of facts that entitle petitioner to relief. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

**a. Ground 1**

Petitioner asserts that trial counsel was ineffective for: (1) allowing an investigator with a conflict of interest to remain on the case; (2) allowing the admission of altered or false evidence; (3) allowing the admission of evidence that was marked "may not be admissible"; (4) failing to call defense witnesses; and (5) leaving "the second trial" to co-counsel. (Doc. 1 at p. 3). In his opening brief on appeal from the denial of his post-conviction habeas petition, petitioner argued that the state district court erred in summarily denying the petition without holding an evidentiary hearing. (Exhibit 111 at pp. 23-24). Within that argument, petitioner asserted that the state district court erred in denying the following claims: "trial counsel was ineffective for allowing a conflict to exist, rushing to trial, being unprepared for trial, allowing inadmissible evidence during trial, and leaving town in the middle of trial to leave second chair counsel to handle the ex-felon in possession portion of the trial." (Exhibit 111 at p. 23). Thus, petitioner argued that the trial court erred in denying all but the fourth allegation of attorney misconduct described in Ground 1 of the federal petition. *Compare* Doc. 1 at p. 3 *with* Exhibit 11 at p. 23. In its order of affirmance, the Nevada Supreme Court ruled:

> Next, appellant argues that the district court erred in denying the claims raised in appellant's proper person petition without conducting an evidentiary hearing. Appellant lists the claims raised in his proper person petition, but fails to provide any cogent argument as to how or why the district court erred in denying these claims without conducting an evidentiary hearing. "It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court." *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Thus, we need not address these claims.

(Exhibit 119 at pp. 3-4). A petitioner fairly presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, *see* 28 U.S.C. § 2254(c); (2) through the proper vehicle, *see Castille v. Peoples*, 489 U.S. 346, 351 (1989), and (3) by providing the proper factual and legal basis for the claim, *see Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). Petitioner failed to present the Nevada Supreme Court with a fair opportunity to rule on the merits of Ground 1 because the claims were presented in a procedurally defective manner, lacking relevant authority and cogent argument. *See Castille*, 489 U.S. at 351

(raising a claim in a procedurally deficient manner is not "fair presentation" for exhaustion purposes). Accordingly, Ground 1 of the federal petition remains unexhausted.

### b. Ground 2

Petitioner alleges that his due process rights were violated because of prosecutorial misconduct. (Doc. 1 at p. 5). Petitioner admits that he did not raise this claim on direct appeal, but asserts that the claim was presented to the Nevada Supreme Court in his state habeas proceeding. (Doc. 1 at p. 6). In the opening brief, within his argument that the state district court erred in summarily denying his claims of ineffective assistance of appellate counsel without holding an evidentiary hearing, petitioner made reference to appellate counsel's failure to raise on direct appeal a claim of prosecutorial misconduct. (Exhibit 111 at p. 23). Petitioner's reference to prosecutorial misconduct in this context did not fairly present the same claim asserted in Ground 2 of the federal petition, which is a substantive, multi-part claim of prosecutorial misconduct. *Compare* Doc. 1 at p. 5 *with* Exhibit 111 at pp. 23-24. *See Rose v. Palmateer*, 395 F.3d 1108, 1111-12 (2005) (substantive constitutional claims and claims of ineffective assistance of counsel raise distinct legal theories and must be separately exhausted). Moreover, as with Ground 1, petitioner failed to fairly present the Nevada Supreme Court with a fair opportunity to rule on the merits of his prosecutorial misconduct claim. Ground 2 of the federal petition is unexhausted.

### c. Ground 3

Petitioner asserts that his appellate counsel was ineffective on direct appeal for: (1) making false promises concerning issues to be raised on appeal; (2) failing to raise issues on appeal; (3) failing to provide the court with the necessary transcripts; (4) failing to notify petitioner of the conclusion of his direct appeal for seven months; (5) handing the appeal to another attorney and refusing to raise issues. (Doc. 1 at p. 7). Petitioner asserts that the allegations in Ground 3 were raised in his state post-conviction proceedings. (*Id.* at p. 8). In the opening brief on appeal from the denial of his post-conviction habeas petition, petitioner alleged that appellate counsel was ineffective for failing to provide transcripts to the Nevada Supreme Court. (Exhibit 111 at pp. 21-22). The remaining allegations were either never presented to the Nevada Supreme Court, or they were presented in a procedurally deficient manner lacking relevant authority and cogent argument.

(Exhibit 111 at p. 23; Exhibit 119 at pp. 3-4).  Therefore, the only claim within Ground 3 that is exhausted is petitioner's claim that his appellate counsel was ineffective for failing to provide the court with transcripts.

**III. Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition contains both exhausted and unexhausted claims. *Id.* In the instant case, the court finds that petitioner exhausted his claim in Ground 3 that his appellate counsel was ineffective for failing to provide the court with transcripts; the remainder of Ground 3, as well as Grounds 1 and 2, are unexhausted.  Because this petition is a "mixed petition" containing both exhausted and unexhausted claims, petitioner has three options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).  Petitioner's failure to choose one of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed.  Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d) because those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV. Conclusion**

IT IS THEREFORE ORDERED that petitioner's motion for a stay pending appeal **(Doc. 26)** **is DENIED.**

IT IS FURTHER ORDERED that respondents' motion to dismiss **(Doc. 8) is GRANTED IN PART AND DENIED IN PART**, as follows:

1. Respondents' argument that the federal petition is untimely was withdrawn by respondents and therefore the argument is rejected.

2. Petitioner exhausted his claim in Ground 3 that his appellate counsel was ineffective for failing to provide the state court with transcripts. The remainder of Ground 3, as well as Grounds 1 and 2, are unexhausted.

IT IS FURTHER ORDERED that **petitioner has 30 days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

IT IS FURTHER ORDERED that **if petitioner elects to abandon his unexhausted grounds, respondents shall have 30 days from the date petitioner serves his declaration of abandonment in which to file an answer** to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

IT IS FURTHER ORDERED that **petitioner shall have 30 days following service of respondents' answer in which to file a reply**.

IT IS FURTHER ORDERED that **if petitioner fails to respond to this order within the time permitted, this case may be dismissed.**

Dated this 20th day of February, 2015.

_____
Jennifer Dorsey
United States District Judge