UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| William Merritt,<br><br>　　　Petitioner<br><br>v.<br><br>D. Neven, et al.,<br><br>　　　Respondents | 2:13-cv-02347-JAD-PAL<br><br>**Order Granting Motion for Stay and Abeyance and Denying as Moot Motion for Review and Clarification**<br><br>[ECF 35, 41] |

　　　William Merritt brings this § 2254 petition to challenge his Nevada state-court conviction and sentence for kidnapping and related charges. On February 20, 2015, I granted in part and denied in part respondents' motion to dismiss Merritt's petition.[1] Because Merritt's petition contains three unexhausted claims, I gave him 30 days to notify the court how he wishes to proceed with his mixed petition. Merritt timely filed a motion asking me to stay and hold in abeyance his exhausted claims while he returns to state court to exhaust his unexhausted claims.[2] Respondents do not oppose his request. Because Merritt has shown good cause for his failure to exhaust, his claims are potentially meritorious, and he has not engaged in intentionally dilatory tactics, I grant his unopposed motion and stay this case.

**Discussion**

**A.　Stay and abeyance**

　　　Stay and abeyance is available only in limited circumstances.[3] "Because granting a stay and abeyance effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines that there was good cause for the

---

[1] ECF 33.

[2] ECF 35. Though not filed until March 23, 2015, I find that Merritt complied with the 30-day deadline because the certificate of service shows that he dispatched his motion on March 19, 2015.

[3] *Rhines v. Weber*, 544 U.S. 269 (2005).

petitioner's failure to exhaust his claims first in state court."[4] Even if a petitioner had good cause, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."[5] But, "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," then "the district court should stay, rather than dismiss, the mixed petition."[6]

**B.    I grant Merritt's unopposed motion for stay and abeyance.**

I previously found that Merritt failed to properly exhaust claim one for ineffective assistance of trial counsel because, though he attempted to raise this claim on direct appeal to the Nevada Supreme Court, it was "presented in a procedurally defective manner."[7] I also found that claim two for prosecutorial misconduct is unexhausted because Merritt did not raise it on direct appeal to the Nevada Supreme Court and because this argument was buried in his state habeas petition.[8] Finally, I found that claim three for ineffective assistance of counsel on direct appeal is partially unexhausted because Merritt failed to present all of the facts supporting that claim to the state court.[9]

I find that Merritt has shown good cause for stay and abeyance. Notably, claim three alleges ineffective assistance of counsel on direct appeal, and counts one and two are unexhausted due to counsel's errors on direct appeal. And none of these grounds were completely omitted from Merritt's state-court efforts, but suffered instead from procedural presentation problems. In light of these circumstances, I find that Merritt has shown good cause for his failure to exhaust these claims in state court. I also find that these claims are potentially meritorious, and there is no evidence that Merritt has engaged in intentionally dilatory litigation tactics to draw out his post-conviction

---

[4] *Id.* at 277.

[5] *Id.*

[6] *Id.* at 278.

[7] ECF 33 at 5.

[8] *Id.* at 6.

[9] *Id.* at 7.

proceedings. To the contrary, Merritt has diligently pursued his appeals and post-conviction efforts, and respondents make no effort to oppose his request for a stay. I therefore grant Merritt's motion for stay and abeyance. Merritt is cautioned that he must exhaust *all* of his unexhausted claims in state court during this stay. No further motions for stay and abeyance will be entertained.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for stay and abeyance **[ECF 35] is GRANTED.**

IT IS FURTHER ORDERED that **this action is STAYED** pending exhaustion of claims one, two, and three of petitioner's federal habeas petition. Petitioner must exhaust **all** of his unexhausted claims in state court during the stay of this action.

IT IS FURTHER ORDERED that the grant of a stay is conditioned upon petitioner filing a state post-conviction petition or other appropriate proceeding in state court by **May 10, 2016,** and filing a motion to reopen this case within **45 days** of issuance of remittur by the Nevada Supreme Court at the conclusion of the state-court proceedings.

IT IS FURTHER ORDERED that this action will be subject to dismissal if petitioner does not comply with the time limits of this order.

**The Clerk of Court is instructed to ADMINISTRATIVELY CLOSE this action** until the court grants a motion to reopen.

IT IS FURTHER ORDERED that petitioner's motion for review and clarification of dismissal **[ECF 41]** is **DENIED** as moot.

Dated March 24, 2016

_____
Jennifer A. Dorsey
United States District Judge