# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

William Merritt,

    Petitioner

v.

D. Neven, et al.,

    Respondents

Case No.: 2:13-cv-02347-JAD-PAL

**Order Granting Respondents' Motion to Reopen Case and Motion to Dismiss**

[ECF Nos. 49, 50]

    *Pro se* petitioner William Merritt has not taken any action to prosecute this case after the Nevada Supreme Court denied his appeal.[1] Because the petitioner failed to comply with my instructions to file a motion to reopen within forty-five days of issuance of the remittitur by the Nevada Supreme Court, I grant the respondents' motions to reopen[2] and dismiss this case.[3]

## I. Background

    In March 2016, I administratively closed this action while the petitioner exhausted his unexhausted claims in state court.[4] I also instructed him to file a motion to reopen within 45 days of issuance of the remittitur by the Nevada Supreme Court.[5] The state court denied the petitioner's state habeas petition and the Nevada Supreme Court denied his appeal.[6] Remittitur issued in January 2020.

---

[1] ECF No. 50-4.
[2] ECF No. 49.
[3] ECF No. 50.
[4] ECF No. 42.
[5] *Id*.
[6] ECF Nos. 50-1, 50-4.

## II. Discussion

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions, including where appropriate … dismissal of a case."[7] A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[8] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, I must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[9]

I find that the first two factors weigh in favor of dismissal. Since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action, the third factor, risk of prejudice to respondents, also weighs in favor of dismissal.[10] The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. More than three years have elapsed since the issuance of remittitur and the petitioner has not filed a motion to reopen. Petitioner did not respond to the motion to dismiss, and has failed to otherwise prosecute this action. Under such circumstances, there is no lesser alternative than dismissal of this action with prejudice.

---

[7] *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

[8] *See, e.g., Pagtulunan v. Galaza*, 291 P.3d 639, 643 (9th Cir. 2002) (dismissal of habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a court order).

[9] *Id*. at 642.

[10] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

### III.   Certificate of Appealability

This is a final order adverse to the petitioner.  Rule 11 of the Rules Governing Section 2254 Cases requires issuance or denial of a certificate of appealability ("COA").  Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."  For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether this court's procedural ruling was correct.[11]  I find that a certificate of appealability is unwarranted.

### IV.   Conclusion

**IT IS THEREFORE ORDERED** that:

1. The Respondents' **Motion to Reopen Case (ECF No. 49) is GRANTED.**

2. The Respondents' **Motion to Dismiss (ECF No. 50) is GRANTED.**

3. This action is **DISMISSED with prejudice** based on the petitioner's failure to prosecute this action.

4. The Clerk of the Court is directed to **ENTER FINAL JUDGMENT accordingly and re-CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
June 28, 2023

---

[11] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).